UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARIE PIERRE,

    Plaintiff,

v.

ALBERTSONS, INC.,

    Defendant.

_____/

02-61151
CIV - GOLD

MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiff, MARIE PIERRE, hereby sues the Defendant, ALBERTSONS, INC., and as grounds states as follows:

### PARTIES

1. Plaintiff, MARIE PIERRE ("PIERRE"), is an individual who presently resides in the Southern District of Florida.

2. Defendant ALBERTSONS INC. ("ALBERTSONS"), is a corporation doing business in the Southern District of Florida. Defendant is an "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e et. seq. ("Title VII").

### JURISIDICTION

3. This action arises under the provisions of the Americans with Disabilities



Act ("ADA"), 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e et. seq. ("Title VII") and under the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981").

4. Jurisdiction is based upon the provisions of Title 28 United States Code, §1331 and §1343 in that the cause arises under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e et. seq. ("Title VII") and under the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981"). The state law claims are properly brought within the Court's supplemental jurisdiction.

5. All conditions precedent to filing this action have been met, excused or waived in that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission on or about January 22, 2002. A copy of the charge is attached hereto.

6. On May 20, 2002, the EEOC issued a right to sue which was received thereafter. A copy of the Right to Sue is attached.

## GENERAL ALLEGATIONS

7. Plaintiff is a Black, Haitian qualified individual with a disability.

8. Plaintiff has been employed with Albertsons, store # 4327, as a Service Deli Clerk since March of 1997. For those years, she has earned an outstanding reputation for her hard work and dedication.

9. Plaintiff was commonly expected to unload heavy foods from the delivery trucks. As a result, she suffered a back injury in 1998. In March of 2001, the pain became

2

unbearable. Plaintiff consulted an orthopedic physician who in turn referred Plaintiff to an orthopedic surgeon.

10. The deli supervisor at the time, Evelyn Goodman, had accommodated Plaintiff by allowing her to schedule her days off in accordance with her doctor appointments.

11. Benita Greenwood was hired shortly thereafter, and she refused to accommodate Plaintiff, but accommodated others such as Delores Berger, a white female, who got every Monday and Friday off.

12. On April 11, 2001, Plaintiff was placed on lifting restrictions by her physician due to her disability. The recommendation was not acknowledged by Ms. Greenwood or shared with the Director of the Store, Joe Jarbo.

13. Thirty minutes after receiving the doctor's note, Ms. Greenwood instructed Plaintiff to lift pounds of food in excess of the amount of the number of pounds that she was able to lift.

14. Ms. Greenwood also made a derogatory remark about Plaintiff's national origin.

15. Plaintiff had recommended to Ms. Greenwood a potential employee to work at Albertsons. Ms. Greenwood replied by asking Plaintiff if she was sure that the person spoke English because if he had a "stupid French accent like [Plaintiff]", she would not hire him.

16. Plaintiff felt humiliated and belittled. Ms. Greenwood made this comment in the presence of customers, and she made a demeaning comment about it to another employee during their smoke break.

17. Plaintiff complained to the Store Director, Mr. Jarbo, about this comment, and he reprimanded Ms. Greenwood.

18. After Plaintiff complained to Mr. Jarbo, Ms. Greenwood began a series of retaliatory attacks on Plaintiff which included scheduling Plaintiff to work twelve (12) days in a row, increasing Plaintiff's workload, and scheduling Plaintiff to work alone while others worked in pairs.

19. On July 1, 2001, while Plaintiff was working alone, she was injured on the job. This injury necessitated Plaintiff to file a claim for worker's compensation and take a leave of absence, and Plaintiff was then constructively discharged.

20. On May 15, 2002, Defendant wrote a letter to Plaintiff notifying her that if she did not contact Defendant by May 24, 2002 to discuss her employment status, her employment would be administratively terminated.

21. On May 21, 2002, Plaintiff wrote a letter to Defendant informing Defendant that she needed an accommodation involving lifting because of her knee and back and that she did not wish to be administratively terminated.

22. Plaintiff did not receive any response to her letter, and she has thus suffered a constructive discharge.

### COUNT I-DISCRIMINATION ON THE BASIS OF DISABILITY ("ADA")

23. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant discriminated against Plaintiff on account of disability in

4

violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. by refusing her a reasonable accommodation for her disability and by continuing to refuse her a reasonable accommodation for her disability.

25. As a direct and proximate result of the Defendant's act and omissions, Plaintiff has been injured.

WHEREFORE Plaintiff prays for the following relief for violation of the Americans with Disabilities Act:

a) entry of a judgment declaring the Defendant illegally discriminated against Plaintiff in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

b) award of Plaintiff's costs in this action, including reasonable attorneys' fees and expert fees as provided by law;

c) pre-judgment interest and post-judgment interest;

d) entry of a judgment for damages including back pay, front pay and entry of a judgment for compensatory damages, including but not limited to damages for mental pain and suffering, anguish, injury to reputation, loss of capacity to enjoy life; and

e) punitive damages.

## COUNT II-FCRA-DISABILITY

26. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

27. The conduct of Defendant in failing to accommodate Plaintiff's disability constitutes a violation of the Florida Civil Rights Act of 1992.

28. The failure of Defendant to adhere to the mandates of the Florida Civil Rights Act was willful and its violation of the provisions of the Florida Civil Rights Act was willful.

WHEREFORE, Plaintiff prays for the following relief:

a) Compensatory damages as determined by the trier of fact;

b) Restitutionary damages, including back pay, front pay and liquidated damages;

c) Injunctive relief precluding Defendant from further discriminatory treatment by Defendant and its agents; and

d) Punitive damages.

## COUNT III-TITLE VII (RACE AND NATIONAL ORIGIN DISCRIMINATION)

29. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

30. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's race and national origin.

31. The actions of the Defendant constitute an intentional violation of Title VII and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff requests:

a)  Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b)  Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII;

c)  Punitive damages; and

d)  Any other equitable relief deemed appropriate by this Court.

## COUNT IV-FCRA (RACE AND NATIONAL ORIGIN DISCRIMINATION)

32. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

33. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's race and national origin.

34. The actions of the Defendant constitute an intentional violation of the Florida Civil Rights Act and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff requests:

a) Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

7

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII;

c) Punitive damages; and

d) Any other equitable relief deemed appropriate by this Court.

### COUNT V-1981 (RACE AND NATIONAL ORIGIN DISCRIMINATION)

35. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

36. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's race and national origin.

37. The actions of the Defendant constitute a violation of 42 U.S.C. Sec. 1981 and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff requests:

a) Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees;

c) Punitive damages; and

d) Any other equitable relief deemed appropriate by this Court.

## COUNT VI-TITLE VII (RETALIATION)

38. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

39. Defendant retaliated against Plaintiff in the terms and conditions of her employment after Plaintiff engaged in the protected activity of complaining about discrimination to the Store Director.

40. Title VII not only prohibits an employer from discriminating against an employee on the basis of her race and national origin but prohibits retaliation for complaining about or opposing discrimination and/or for participating in protected activities.

41. As a result of Plaintiff's opposition against the discriminatory treatment referred to in the preceding paragraphs, a protected activity, Plaintiff was subjected to retaliation. The Defendant is a sophisticated employer aware of the requirements of Title VII and its proscription against retaliation and its actions were willful and malicious.

42. The actions described above that were taken by Defendant, its agents and employees were deliberate, intentional or in the alternative, were undertaken with reckless disregard of the Civil Rights of Plaintiff under Title VII.

43. Plaintiff has been caused to suffer great emotional anguish and distress as a result of the Defendant's retaliatory actions.

WHEREFORE Plaintiff requests:

a) Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII;

c) Punitive damages; and

d) Any other equitable relief deemed appropriate by this Court.

## COUNT VII-FCRA (RETALIATION)

44. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

45. Defendant retaliated against Plaintiff in the terms and conditions of her employment after Plaintiff engaged in the protected activity of complaining about discrimination to the Store Director. because of Plaintiff's race and national origin.

46. The FCRA not only prohibits an employer from discriminating against an employee on the basis of her race and national origin but prohibits retaliation for complaining about or opposing discrimination and/or for participating in protected activities.

47. As a result of Plaintiff's opposition against the discriminatory treatment referred to in the preceding paragraphs, a protected activity, Plaintiff was subjected to retaliation. The Defendant is a sophisticated employer aware of the requirements of Title VII and its proscription against retaliation and its actions were willful and malicious.

48. The actions described above that were taken by Defendant, its agents and employees were deliberate, intentional or in the alternative, were undertaken with reckless disregard of the Civil Rights of Plaintiff under the FCRA.

49. Plaintiff has been caused to suffer great emotional anguish and distress as a result of the Defendant's retaliatory actions.

WHEREFORE Plaintiff requests:

a) Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by the FCRA;

c) Punitive damages; and

d) Any other equitable relief deemed appropriate by this Court.

## COUN VIII-1981 (RETALIATION)

50. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

51. Defendant retaliated against Plaintiff in the terms and conditions of her employment after Plaintiff engaged in the protected activity of complaining about discrimination to the Store Director.

52. As a result of Plaintiff's opposition against the discriminatory treatment referred to in the preceding paragraphs, a protected activity, Plaintiff was subjected to retaliation.

53. The actions described above that were taken by Defendant, its agents and employees were deliberate, intentional or in the alternative, were undertaken with reckless disregard of the Civil Rights of Plaintiff under Title VII.

54. Plaintiff has been caused to suffer great emotional anguish and distress as a result of the Defendant's retaliatory actions.

WHEREFORE Plaintiff requests:

a) Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees;

c) Punitive damages; and

d) Any other equitable relief deemed appropriate by this Court.

### COUNT IX-FLORIDA WORKER'S COMPENSATION RETALIATION

55. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

56. Florida Statute §440.205 provides that "no employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

57. Defendant discharged, threatened to discharge, intimidated and/or coerced Plaintiff by reason of her valid claim for worker's compensation or her attempt to claim compensation under the workers' compensation law.

58. Defendant violated §440.205.

59. As a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, emotional distress, loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff prays for the following relief:

60. Entry of a judgment for restitutionary and compensatory damages including, but not limited to, damages for emotional distress, pain and suffering, anguish, and loss of capacity to enjoy life.

61. Award Plaintiff reasonable attorneys' fees and costs as provided by statute; and

62. Any other equitable relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

CORNELL & ASSOCIATES, P.A.
Attorneys for the Plaintiff
1401 E. Broward Blvd, Suite 204
Ft. Lauderdale, FL 33301
Telephone: (954)524-2703
Facsimile: (954) 524-2706

BY: _____
G. WARE CORNELL, JR.
Florida Bar No. 203920
ARIANNE BOMBALIER SUAREZ
Florida Bar No. 143529

# CHARGE OF DISCRIMINATION

AGENCY | CHARGE NUMBER
--- | ---
☐ FEPA |
☒ EEOC |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_____Florida Comm. on Human Relations_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Marie Pierre | (954) 777-9902 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2111 N.W. 55 Ave. #208, Lauderhill, FL 33313 | | 01/12/1969 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Albertsons | Cat D (501 +) | (954) 472-1304 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1181 S. University Dr., Plantation, FL 33324 | | 011 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 03/01/2001  LATEST 07/01/2001
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I. I am a Black, Haitian, qualified individual with a disability. I have been employed by the Respondent as a Service Deli Clerk since March, 1997. My disability was being reasonably accommodated by my supervisor, Evelyn Goodman. In March, 2001, the new supervisor, Benita Greenwood (White), refused to grant my reasonable accommodation. I am aware that Ms. Greenwood granted a similar accommodation to a White employee, Delores Berger. On April 11, 2001, I was placed on lifting restrictions by my physician due to my disability. My request for reasonable accommodation of these restrictions was ignored by Ms. Greenwood. Ms. Greenwood also made a derogatory remark about my national origin. I complained to Store Director Joe Jarbo about the derogatory remark and Ms. Greenwood was reprimanded. After my complaint, Ms. Greenwood retaliated against me by scheduling me twelve days in a row, increasing my workload, and scheduling me alone while others worked in pairs. On July 1, 2001, while working alone, I was injured on the job while lifting. I have since been out on worker's compensation.

II. No reason was given to me by the Respondent for failing to reasonably accommodate my disability or for the retaliation I was subjected to.

III. I believe I have been discriminated against because of my race,

** Text is Continued on Attached Sheet(s) **

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 1-22-02    x marie pierre
*Charging Party (Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

[Notary seal: CAROLE JERNIGAN, COMMISSION NUMBER DD061860, COMMISSION EXPIRES OCT. 2, 2003]

1-22-02

EEOC FORM 5 (Rev. 07/99)

Jan 17 13:24 2002   CP Initials X*M.P*   Chg # , Attachment Page 1

---
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
---

Black, my national origin, Haitian, and my disability, and retaliated
against for complaining about discrimination, in violation of Title VII
of the Civil Rights Act of 1964, as amended, the Florida Civil Rights
Act of 1992, and the Americans with Disabilities Act of 1990.

**U.S. Equal Employment Opportunity Commission**
# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Marie Pierre<br>2111 N. W. 55th Avenue #208<br>Lauderhill, Florida 33313<br><br>☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 150 A2 01042 | Susan A. Mann, Senior Investigator | (305)536-5383 or 536-4491 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state) _____

**-- NOTICE OF SUIT RIGHTS --**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be **collectible.** (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

**MAY 2 0 2002**
(Date Mailed)

Federico Costales, District Director

cc:
Albertson's, Inc.
c/o Tom Caruso, Employee Relations Manager
Southern Region/ Office Human Resources Dept.
1051 Winderley Place, Fourth Floor
Maitland, Florida 32751-7223

G. Ware Cornell, Jr., Esquire
Cornell & Associates, P.A.
1401 East Broward Blvd. Suite 204
Fort Lauderdale, Florida 33301

EEOC Form 161 (10/96)

# CIVIL COVER SHEET  02-61151

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIE PIERRE

## DEFENDANTS
ALBERTSON's, INC.

**CIV - GOLD**

**MAGISTRATE JUDGE SIMONTON**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
G. Ware Cornell, Jr., Cornell & Associates
1401 E. Broward Blvd., Suite 204
Ft. Laud., FL 33301 (954) 524-2703

ATTORNEYS (IF KNOWN)
BROWARD 0:02CV61151 ASG/AM)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | B☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** B☐ 530 General A☐ 535 Death Penalty B☐ 540 Mandamus & Other B☐ 550 Civil Rights B☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| | | A☐ 791 Empl. Ret. Inc. Security Act | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

ADA, 42 U.S.C. Sec. 12101, et seq. and Title VII of Civil Rights Act of 1964
Plaintiff claims discrimination based upon disability, race and national origin

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE                                          DOCKET NUMBER

DATE: 8/19/02
SIGNATURE OF ATTORNEY OF RECORD: [signature]
G. WARE CORNELL, JR.

**FOR OFFICE USE ONLY**
RECEIPT # 525959  AMOUNT 150.00  APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___